IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PERCY MYRICK, #B-34667, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-1303-JPG |
| ) | |
| DR. BUTALID, DR. SHAH, ) | |
| MS. KERR, RAND GROUND, ) | |
| SARAH JOHNSON, and ) | |
| S.A. GODINEZ, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Percy Myrick, an inmate at Robinson Correctional Center ("Robinson"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff claims that Defendants have denied him adequate medical care. (Doc. 1). Plaintiff seeks monetary and declaratory relief.

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

For the purpose of the Court's threshold review, the following facts are relevant: On January 29, 2014, Plaintiff was transferred from Danville Correctional Center ("Danville") to Robinson. (Doc. 1, p. 7).  While Plaintiff was at Danville, a doctor there ordered a hernia belt and skin medication for Plaintiff. *Id*.  On February 8, 2014, following his transfer to Robinson, Plaintiff was called to the Health Care Unit ("HCU") to see Defendant Dr. Butalid.[1]  *Id*. at 6.  Defendant Butalid informed Plaintiff that he had stopped the order on the hernia belt and that he would not dispense the skin medication that had been previously ordered.  *Id*.  Plaintiff asserts that Defendant Butalid never examined him or his medical records.  *Id*. at 7.  Instead, Butalid directed Plaintiff to purchase the medical items from the prison commissary. *Id*.  Plaintiff returned to see Defendant Butalid on July 17, 2014 and again requested a hernia belt and skin medication. (Doc. 1, p. 8).  Butalid refused to order the hernia belt, but he did prescribe a skin ointment.  *Id*. at 9.  Plaintiff used the skin ointment for two to three months, but found that it made his skin condition worsen.  On October 8, 2014, Plaintiff returned to the HCU and was seen by Defendant Dr. Shah.  *Id*.  Defendant Shah had also previously denied Plaintiff's request for a hernia belt and skin ointment, *see id*. at 12, and again refused to order a hernia belt and the requested skin ointment for Plaintiff, *id*. at 9.

---

[1] The dates in the complaint and in the exhibits regarding when Plaintiff saw Drs. Butalid and Shah do not always correspond.  For example, in the complaint, Plaintiff states that he saw Dr. Butalid on February 8, 2014 (Doc. 1, p. 6), but the medical records indicate that he was seen instead by Dr. Shah on that date. (Doc. 2, Ex. B-3).  Although the dates are muddled, for purposes of the Court's threshold review, Plaintiff has alleged, and the exhibits confirm, that at various times he was seen by Drs. Butalid and Shah and that both doctors were aware of Plaintiff's medical condition and denied him appropriate medical treatment.

When Plaintiff was initially denied the hernia belt and skin ointment on February 8, 2014, he immediately filed a grievance, which was subsequently denied. The response to Plaintiff's grievance stated, "His condition is not an emergent condition and offender could prioritize his expenditures to buy items at Commissary as directed by Dr. Butalid." (Doc. 2, Ex. A-3). Defendant Ground (head warden) signed off on this response on April 4, 2014. *Id*. Through this grievance, Plaintiff asserts that Defendant Kerr (health care administrator) and Ground were notified that Plaintiff had been denied adequate medical treatment, which was causing him serious pain. Plaintiff claims that both Defendant Kerr and Ground "failed to intervene, and had the power to correct the problem but failed to do so." *Id*. at 11. In addition, Plaintiff asserts that Defendant Kerr and Ground knew that the inmate commissary did not sell a hernia belt or skin medications "thereby deliberately turning a blind eye" to Defendant Butalid's misconduct. *Id*. at 11-12.

Plaintiff appealed the denial of the grievance to the Administrative Review Board. Defendant Johnson and Godinez signed off on a letter from the Board finding that the issue was appropriately addressed by the institutional administration and recommending that the grievance be denied. (Doc. 2, Ex. B-5). Through this appeal, Plaintiff asserts that Defendant Johnson and Godinez were notified that the other Defendants were failing to treat Plaintiff's medical condition, but refused to investigate and/or intervene. (Doc. 1, p. 17).

Plaintiff asserts that he is unable to purchase the supplies for himself. He maintains that he is indigent; moreover, he has attached documentation from the prison commissary which indicates that they do not sell hernia belts or skin ointment. (Doc. 2, p. 44).

**Discussion**

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Specifically, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Perkins v. Johnston*, 431 F. Supp. 2d 898, 901-02 (N.D. Ind. 2006).

The Court begins by noting that this is not the first time doctors within the Illinois Department of Corrections have denied Plaintiff a hernia belt and skin ointment; nor it is the first time Plaintiff Myrick has turned to the courts for relief. *See Myrick v. Anglin*, 496 F. App'x 670 (7th Cir. 2012). In *Myrick v. Anglin,* a 2011 case, Myrick asserted an Eighth Amendment medical needs claim related to the denial of a hernia belt and skin ointment (and other medical

issues) against prison medical staff and administrators. In that case, the Seventh Circuit vacated the district court's order (*Myrick v. Anglin*, Case No. 11-2284-CSB, C.D. Ill.) dismissing Plaintiff's complaint for failure to state a claim and remanded the case for further proceedings. *Myrick*, 496 F. App'x at 676. The Seventh Circuit noted:

> A hernia can be a serious medical problem. And Myrick alleged that his untreated herpes and hernia were painful and had been recognized by medical staff as requiring treatment; if his allegations are true, these conditions were objectively serious. Likewise, Myrick's claim of "excruciating pain" from his skin infections, including the MRSA infections, presented a sufficiently serious condition to support an Eighth Amendment claim.

*Myrick*, 496 F. App'x at 674 (internal citations omitted). In addition, the Seventh Circuit found that Myrick had adequately alleged deliberate indifference on the part of the doctors who had delayed treatment and the healthcare administrator who had failed to intervene. *Id*. Following this guidance, the Court turns now to the present case.

Accepting Plaintiff's allegations as true, as the Court must at this stage, the Court finds that Plaintiff has pled facts suggesting that he suffered from an objectively serious medical condition. The next question is whether the named Defendants acted with the requisite intent to be held individually liable. Over several months, Plaintiff was seen by Defendants Butalid and Shah (medical doctors). Plaintiff informed both doctors that he had previously been prescribed a hernia belt and skin ointment, and that he was in pain; yet they refused to adequately treat his condition and instead directed him to buy the medical supplies for himself from the prison commissary, which did not even carry the supplies. These facts, if true, suggest that Drs. Butalid and Shah may have acted with deliberate indifference to Plaintiff's serious medical needs. These are factual questions that cannot be resolved at this stage. Plaintiff, therefore, may proceed on his claim for damages against Defendants Butalid and Shah at this time.

It appears from the complaint that Plaintiff seeks to hold Defendants Kerr (health care administrator), Johnson (administrator), Ground (warden), and Godinez (director of the Illinois Department of Corrections) liable for condoning Drs. Butalid and Shah's deliberate indifference to Plaintiff's serious medical need.

While the doctrine of respondeat superior does not apply to § 1983 actions, *see Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)), where a defendant has been alleged to have directed the conduct or to have given knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Defendants Kerr, Johnson, Ground, and Godinez were advised of Plaintiff's condition through grievances Plaintiff filed and each reviewed and condoned the denial of treatment. The extent to which each of these Defendants was aware of Plaintiff's medical condition remains to be seen. But it would be premature to dismiss these Defendants at this time. Therefore, Plaintiff may also proceed on his claim against Defendants Kerr, Johnson, Ground, and Godinez.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to a United States

Magistrate Judge for further consideration.

Plaintiff's motion for service of process at government expense (Doc. 5) is unnecessary and, therefore, is **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment medical needs claim against Defendants **BUTALID, SHAH, KERR, JOHNSON, GROUND,** and **GODINEZ** in their individual capacities only.  Defendant **GODINEZ** shall also remain in his official capacity, for the purpose of equitable relief.

The Clerk of Court shall prepare for Defendants **BUTALID, SHAH, KERR, JOHNSON, GROUND, and GODINEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  December 22, 2014**

                                              *s/J. Phil Gilbert*
                                              United States District Judge